DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Ottawa County Court of Common Pleas which, after a hearing held pursuant to R.C. 2950.09, found defendant-appellant, Raymond Fenton, to be a sexual predator. From that judgment, appellant assigns the following as error:
"1) O.R.C. 2950.09(C) is unconstitutional.
 "2) The Trial Court erred in finding the Defendant to be a sexual predator as the evidence did not support the finding by clear and convincing evidence.
 "3) The Trial Court erred in admitting as evidence the Pre-Sentence Investigation report from July 6, 1988 as it was not reliable, and contained inadmissible hearsay upon hearsay, and statements from a Probation Officer that required psychological/psychiatric expertise to be admissible, and prevented the Defendant from cross-examining witnesses presented against him."
On November 10, 1988, appellant was sentenced to life in prison after being convicted of rape with force of a person under thirteen years of age in violation of R.C. 2907.02. Subsequently, the Ottawa County Adult Probation Department requested that the lower court conduct a hearing pursuant to R.C. 2950.09 to determine if appellant was a sexual predator. Upon the court's scheduling of that hearing, appellant filed a motion to vacate the hearing on the grounds that R.C. 2950.09(C) was unconstitutional for all of the reasons stated by the Ohio Eleventh District Court of Appeals in State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported. In an order dated March 22, 1999, the lower court denied appellant's motion to vacate and found R.C. 2950.09(C) to be constitutional for all of the reasons set forth by the Supreme Court of Ohio in State v. Cook (1998), 83 Ohio St.3d 404, certiorari denied (1999), 525 U.S. 1182. The case then proceeded to an R.C.2950.09(C) hearing at which appellant testified. In addition, the court considered the presentence investigation report that had been prepared prior to appellant's sentencing in 1988. On April 7, 1999, the lower court filed a decision and judgment entry finding appellant to be a sexual predator as defined in R.C. 2950.01(E) in that he was convicted of a sexually-oriented offense and, if released, was likely to engage in one or more sexually-oriented offenses in the future. It is from that judgment that appellant now appeals.
In his first assignment of error, appellant challenges the constitutionality of R.C. 2950.09(C) for the reasons stated by the Eleventh District Court of Appeals in State v. Williams, supra. In that case, the court determined that R.C. Chapter 2950 as applied to sexual predators was void in its entirety in that it violated Section1, Article I of the Ohio Constitution. In particular, the court held that the notification requirements unreasonably interfered with the individual's rights to privacy, property and the pursuit of happiness. The Supreme Court of Ohio, however, recently reversed the appellate court's decision in Williams. In State v. Williams (Apr. 28, 2000), 2000 Ohio LEXIS 813, the court held that R.C. Chapter 2950 does not violate the rights enumerated in Section 1, Article I of the Ohio Constitution. Specifically, the court held that the statute does not impinge upon a convicted sex offender's rights of privacy, favorable reputation, the acquisition of property or the ability to pursue an occupation. Accordingly, appellant's first assignment of error is not well-taken.
In his third assignment of error, appellant asserts that the trial court erred in considering the presentence investigation report from July 6, 1988 as evidence in the sexual offender classification hearing. Specifically, appellant contends that the report was unreliable in that it contained numerous hearsay statements and included the opinions of a probation officer which were not authenticated by an expert psychiatrist or psychologist. We disagree.
In State v. Cook, supra, at 425, the Supreme Court of Ohio determined that the Rules of Evidence, and specifically the Hearsay Rule, do not strictly apply to a sexual offender classification hearing. In reaching this conclusion, the court reasoned that the purpose of a sexual offender classification hearing is not to determine the guilt or innocence of the offender but, rather, to determine the offender's status. Accordingly, the court held that reliable hearsay, such as a presentence investigation report, could be relied upon by a trial judge in determining a sexual offender's status. As such, we cannot say that the trial court erred in considering the presentence investigation report in the proceedings below, and the third assignment of error is not well-taken.
Finally, in his second assignment of error, appellant asserts that the trial court's finding that he is a sexual predator was not supported by clear and convincing evidence.
A sexual predator is defined by R.C. 2950.01(E) as "* * * a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In determining whether a person who has been convicted of a sexually oriented offense is a sexual predator, a trial court must conduct a hearing in the manner described in R.C. 2950.09(B)(1) and determine by clear and convincing evidence whether the offender is a sexual predator. R.C.2950.09(C)(2). In making that determination, the court shall consider all relevant factors, including but not limited to:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
The court, however, need not find all of the R.C. 2950.09(B)(2) factors to classify an offender as a sexual predator. State v.Hoff (Apr. 26, 2000), Summit App. No. 19580, unreported. In the present case, the trial court considered the presentence investigation report, the record from the proceedings which resulted in appellant's conviction, and appellant's testimony at the hearing below in determining whether to classify appellant as a sexual predator.
The presentence investigation report revealed that appellant was twenty-eight years old at the time of trial but was approximately twenty-four when he began a four year course of conduct in which he sodomized the then seven year old daughter of his wife. In describing the nature of the appellant's conduct, the report states that appellant sodomized the victim in her home whenever her mother would leave the residence for a lengthy period of time, that appellant threatened to kill the victim if she disclosed his course of conduct and that appellant often used force to consummate the act. With regard to appellant's prior criminal record, the report reveals that appellant was convicted of conspiracy to commit arson, a first degree misdemeanor, in 1987. In addition, he has been convicted of driving under suspension and without an operator's license, failure to pay back fines and failure to appear. For all of these offenses, appellant has spent a total of one hundred one days in a county detention facility.
Appellant's testimony and exhibits established that since he has been in prison, he has obtained his G.E.D., and has participated in and obtained various certificates for his participation in programs including Sex Lovers Addicts Anonymous, Sexaholics Anonymous, Basic and Advanced Anger Management and the Seven Step Foundation. Having participated in these programs, appellant stated that he believed he had been cured of being a sex addict. In addition, appellant has completed four hundred hours of community service. In discussing how he has changed since his conviction, appellant stated that he was no longer a "stupid person" and knows that what he did was wrong. However, when his attorney asked him if he had ever threatened the victim, he stated that he had not and stated that the victim had lied about that during her trial testimony. Then, on cross-examination, appellant admitted that he had sexually abused his victim a number of times over a three month period, that during that time he was living with his victim's mother and that his relationship with his victim's mother facilitated his ability to take advantage of his victim. In contrast, the presentence investigation report revealed that appellant's sodomizing of his victim actually occurred over a four year period. Appellant testified that he has never forced himself on anyone else and he has no idea why he forced himself on this victim.
Based on this evidence, and considering the factors set forth in R.C. 2950.09(B)(2), the trial court determined that there was clear and convincing evidence to support a finding that appellant was a sexual predator as defined by R.C. 2950.01(E).
Clear and convincing evidence is that proof which establishes in the mind of the trier of fact a firm conviction as to the allegations sought to be proved. Cross v. Ledford (1954), 161 Ohio St. 469. "Where the proof required must be clear and convincing evidence, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." State v. Schiebel (1990),55 Ohio St.3d 71, 74, certiorari denied (1991), 499 U.S. 961. This court has thoroughly reviewed the record of the proceedings below and, upon consideration thereof, finds that the trial court's conclusions that appellant has been convicted of a sexually-oriented offense and, if released, is likely to engage in one or more sexually-oriented offenses in the future, are supported by clear and convincing evidence. Accordingly, the second assignment of error is not well-taken.
On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
PETER M. HANDWORK, J., JUDGE, RICHARD W. KNEPPER, P.J., JUDGE, MARK L. PIETRYKOWSKI, J., JUDGE, CONCUR.